UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDREW E. MILLER, | ) | CASE NO. 1:07 CV 2019 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOHN LUNDY, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 5, 2007, plaintiff *pro se* Andrew E. Miller filed this wrongful death action against Cleveland Patrolman John Lundy, the Cleveland Police Department, the Lexington Village Apartments, and the City of Cleveland. In the complaint, plaintiff alleges that his seventeen year old son was shot and killed by Patrolman Lundy. He seeks compensatory and punitive damages.

## Background

Mr. Miller alleges that on March 23, 2007, his son, Angelo E. Miller ("Angelo"), was shot and killed during a traffic stop. He claims Angelo drove to the Lexington Apartments where he encountered Patrolman Lundy, a Cleveland Police Officer who was working as a security guard for the Lexington Village Apartments. Officer Lundy had received reports of thefts from automobiles in the apartment complex. He observed a car stereo in the back seat of Angelo's car,

and suspecting that the stereo was stolen, signaled for Angelo to stop his vehicle. Mr. Miller alleges that Officer Lundy approached Angelo's car with his weapon drawn. He indicates that Angelo attempted to tell the officer that he was not engaged in illegal behavior, but the officer panicked and fired several shots into the driver's side of the car. One of those shots struck Angelo in the back, causing his death. Mr. Miller claims Officer Lundy was not in danger at any time. He seeks $ 50,000,000.00 in compensatory damages and $ 25,000,000.00 in punitive damages from each defendant.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and may not entertain an

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Mr. Miller does not clearly state the basis for federal jurisdiction over this matter. He contends this action is one sounding in wrongful death. To the extent that he intends to pursue this as a tort action, this court lacks subject matter jurisdiction to consider the claim. Such an action would arise under state tort law, not federal law. As diversity of citizenship is not present, this court cannot hear a case presented entirely as a matter of state law.

To the extent that Mr. Miller intends to pursue this as a civil rights action under federal law, the matter must still be dismissed for lack of subject matter jurisdiction. Because the Constitution does not directly provide for damages, plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of plaintiff's claims, the court construes these claims as arising under 42 U.S.C. § 1983. Mr. Miller, however, cannot assert claims under 42 U.S.C. §1983 on behalf of himself or his son's estate. Claims asserted in a § 1983 action are personal to the injured party. <u>Shepard v. Wellman</u>, 313 F.3d 963, 970 (6th Cir. 2003). Mr. Miller lacks standing to assert violations of his son's constitutional rights. *See Id.* In addition, he cannot assert claims on behalf of his son's estate. He states that Angelo's mother, Alicia Kirkman, is the executor or administrator of the estate. Only the executor or administrator has standing to raise §1983 claims for a decedent. Moreover, even if Mr. Miller were the executor, he could not proceed *pro se* on behalf of the estate if the estate has other beneficiaries and creditors. *Id.* There is no indication that Mr. Miller is the only beneficiary and the only creditor of Angelo's estate.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 10/30/07

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.